STATE OF NEW JERSEY, PLAINTIFF, v.
ANTHONY R. RAPACCHIA, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 8, 1973.

*Mr. Michael A. Orlando* for defendant (*Messrs. Orlando, Hohweiler,* and *Yampell,* attorneys).

*Mr. James E. Isman,* Assistant Prosecutor for plaintiff (*Mr. Thomas J. Shusted,* Camden County Prosecutor, attorney).

RIZZI, A. J. S. C. This matter is before the court on motion of Anthony R. Rapacchia to expunge his criminal record pursuant to *N. J. S. A.* 24:21–28 which became effective on January 19, 1971.

The undisputed facts established that on or about December 30, 1968 defendant, then 21 years old, was arrested for possession of marijuana. On July 10, 1969 he pleaded guilty and thereafter was given a suspended sentence, directed to pay a fine and placed on probation. Defendant paid the fine and on October 4, 1972 he successfully completed the probationary term imposed by the court. He has not had any criminal charges against him subsequent to the termination of the probationary period.

The sole and heretofore undecided issue before the court is whether a 21-year-old defendant who has pleaded guilty to and been sentenced for possession of marijuana prior to the effective date of the expungement statute can have that statute retroactively applied in order to avail himself of its provisions.

*N. J. S. A.* 24:21–28 reads as follows:

After a period of not less than 6 months, which shall begin to run immediately upon the expiration of a term of probation imposed upon any person under this act, such person, who at the time of the offense was 21 years of age or younger, may apply to the court for an order to expunge from all official records, except from those records maintained under the Controlled Dangerous Substances Registry, as established and defined in the Controlled Dangerous Substances Registry Act of 1970, all recordations of his arrest, trial and conviction pursuant to this section. If the court determines, after a hearing and after reference to the Controlled Dangerous Substances Registry, that such person during the period of such probation and during the period of time prior to his application to the court under this section has not been guilty of any serious or repeated violation of the conditions of such probation, it shall enter such order. The

effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied prior to such arrest and trial. * * *

*N. J. S. A.* 24:21–40 states that "[t]he provisions of this act shall be applicable to violations of law, seizures and forfeiture, injunctive proceedings and investigations which occur following its effective date."

While there is no case law in New Jersey dealing specifically with the issue of the retroactivity of the expungement statute, there are two recent decisions interpreting the retroactivity of other provisions of the new Controlled Dangerous Substance Act, *L.* 1970, *c.* 226 (*N. J. S. A.* 24:21–1 *et seq.*) which seem analogous. In *State v. Haynie,* 115 *N. J. Super.* 417 (Law Div. 1971), the issue presented was whether a judge could exercise his discretion and sentence a defendant under the new statute, *N. J. S. A.* 24:21–27, where the new act became effective between the time of defendant's guilty plea and the time of sentencing.

That court held that it was within the discretion of the judge to impose sentence under the new act. Basically, the court reasoned that it would be unfair to defendants, in view of the then recent executive, legislative, and judicial pronouncements concerning reformation of narcotic offenders, not to treat their offenses under the provisions of the new act.

However, in a later case, *State v. Ford,* 119 *N. J. Super.* 260 (App. Div. 1972), the Appellate Division expressed its disapproval of *State v. Haynie, supra.* In *Ford* defendant pleaded guilty to possession of heroin and was sentenced to 7-10 years in State Prison. On appeal defendant argued that this sentence was violative of due process in that it exceeded the maximum sentence prescribed by the new Controlled Dangerous Substance Act. However, this new act went into effect after the commission of the offense but before defendant's plea. Under the former act, *N. J. S. A.* 24:18–7(c)(1), the maximum term of imprisonment for possession of heroin was 15 years. The Appellate Division found in *N. J.*

*S. A.* 24:21–40 (a) and (d) a clear demonstration of legislative intent that this new act did not have retroactive application.

██ Turning now to the case before this court, it is initially noted that generally all legislation operates prospectively unless a contrary legislative intent is clearly expressed. *Salesian Soc. v. Formigli*, 120 *N. J. Super.* 493 (Law Div. 1972). Clearly, no contrary intent has been expressed in *N. J. S. A.* 24:21–1 *et seq.*

██ This court recognizes that the failure to apply *N. J. S. A.* 24:21–28 retroactively will have many harsh results in that a youthful, one-time marijuana user will not be able to expunge this stigma from his record for ten years. *N. J. S. A.* 2A:164–28. However, in view of the Appellate Division's ruling in *Ford* and the lack of any express legislative intent to apply the expungement statute retroactively, this court is led to the necessity of holding that *N. J. S. A.* 24:21–28 cannot be applied retroactively to this defendant.

Therefore, defendant's motion to expunge his record is hereby denied.